UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN KING,

    Plaintiff,                                Civil Action No. 13-11691

v.                                            HONORABLE DENISE PAGE HOOD

HARVEY E. KERN and
FRANKENMUTH INSURANCE CO.,

    Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL
## AND
## ORDER DENYING ANY APPEAL IN FORMA PAUPERIS

On April 16, 2013, an Order granting Plaintiff's Application to Proceed Without Prepayment of Fees was entered. However, for the reasons set forth below, the Court dismisses the Complaint.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff is a prisoner, but the claims alleged in his Complaint do not relate to prison conditions. Plaintiff did not file this action under 42 U.S.C. § 1983. In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section

> 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1). The federal district court is a court of limited jurisdiction. The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Subject matter jurisdiction may be based generally on: 1) federal question jurisdiction under 28 U.S.C. § 1331; 2) diversity jurisdiction where the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332 and parties are diverse; and 3) when the United States is a party under 28 U.S.C. §§ 1345, 1346.

Liberally construing the Complaint, Plaintiff fails to state a claim against Defendants. Plaintiff seeks to have Defendants answer certain questions as to whether Frankenmuth Insurance Company insured Perry Drugs Store, George Bowles, Bertha Aldridge and Harold Epting. (Comp., ¶ 4) Defendants responded to Plaintiff's request that they were unable to disclose the information

requested. (Comp., ¶ 5) Plaintiff claims that failure to respond to his request violates his due process and constitutional rights to an impartial jury and collateral review under the Sixth and Fourteenth Amendments. (Comp., ¶ 8) It appears that Plaintiff is attempting to show that a certain juror in his criminal trial, Defendant Harvey Kern in this case, was biased because the victims in Plaintiff's criminal trial may have been insured by his company, Defendant Frankenmuth Insurance Company. Juror Kern disclosed during voir dire that he is the CEO of Frankenmuth Insurance Company. (Comp., Appx. 2, Tr. at 996)

The Court finds that seeking information from an insurance company that certain parties are insured by the insurance company fails to state a claim under the Court's federal question jurisdiction. There is no allegation that Defendants must respond to such a request under any federal law. Although not expressly seeking a review his conviction in this case, it appears that Plaintiff's ultimate goal is to seek review of his conviction if he can show that Juror Kern was biased. This claim cannot be reviewed in this action. Courts are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) from collaterally attacking a state court conviction. *Heck,* 512 U.S. at 487. A habeas proceeding[1] is the appropriate remedy for a state prisoner to attack the validity of a conviction. *Preiser v. Rodriguez,* 411 U.S. 475, 488-90 (1973).

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel **(Doc. No. 3)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff's habeas action was denied by the Honorable Arthur J. Tarnow in an Order dated September 18, 2000. Case No. 99-72666 (E.D. Mich.)

IT IS FURTHER ORDERED that any motion or request to file an appeal *in forma pauperis* is DENIED. Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

        S/Denise Page Hood  
        Denise Page Hood  
        United States District Judge

Dated: April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry  
        Case Manager